UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2652(DSD/JMM)

LuAnn Stewart,

Plaintiff,

v. **ORDER**

Presbyterian Homes and Services,
a Minnesota non-profit corporation,
and its subsidiary Presbyterian
Homes on Lake Minnetonka and
George Obara, individually,

Defendants.

This matter is before the court on the objections of defendant Presbyterian Homes and Services to the report and recommendation of Magistrate Judge John M. Mason dated May 8, 2001. In his report, the magistrate judge recommended that defendant's motion to dismiss or grant summary judgment be denied. Defendant objects to the magistrate judge's recommendation regarding plaintiff's claims of constructive discharge and vicarious liability for assault and battery.

The report of the magistrate judge fully discussed the reasons why these motions must be dismissed. Regarding the constructive discharge claim, the court agrees with the magistrate judge's conclusion that while plaintiff alleges sufficient facts to state a claim, the factual record at this early stage of the litigation is far too undeveloped to permit summary judgment. When viewing

(28)

FILED 6-19-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

the record in the light most favorable to the nonmoving party, there are material facts in dispute regarding the tolerability of the employment conditions in defendant's workplace and the reasonable foreseeability of the occurrence of the acts of harassment that are alleged here. The court thus believes that the magistrate judge was correct in denying defendant's motion to dismiss or grant summary judgment on the constructive discharge claim.

The court also concludes that the magistrate judge properly determined that defendant's motion to dismiss or grant summary judgment on defendant's vicarious liability for the assault and battery claim should be denied. Plaintiff has set forth sufficient facts to state a claim for defendant's vicarious liability for these torts under Minnesota law.[1] Any motion to dismiss must be denied.

Furthermore, the court believes that summary judgment is unwarranted on this claim since the record reflects an unresolved question of material fact as to whether or not co-defendant George Obara's actions were within the scope of employment. The court is not persuaded by defendant's assertion that it is entitled to summary judgement because any alleged misconduct by co-defendant George Obara falls outside the scope of employment. The Minnesota

[1] An employer may be held vicariously liable for a sexual assault by an employee if it committed within the scope of employment. Fahrendorff, 597 N.W.2d at 910.

Supreme Court rejects a categorical approach to the determination of scope of employment for purposes of establishing vicarious liability in this type of case and has held that any determination of liability is generally a question of fact best resolved by a jury. See Marston v. Minneapolis Clinic of Psychiatry and Neurology, Ltd., 329 NW 306, 310 (Minn. 1982) Grozdanich v. Leisure Hills Health Center, Inc., 25 F. Supp. 2d 953, 979 (D. Minn. 1998) ("...the test is 'whether such conduct should fairly have been foreseen from the nature of the employment and the duties relating to it.' [citations omitted] ... The foreseeability, and the relation to the scope of employment, of an employee's intentional tort is a question of fact, ordinarily suited to resolution by a Jury."). Accordingly, summary judgment is not appropriate.

After conducting a de novo review of the file and record, the court will adopt the magistrate judge's report and recommendation in its entirety. The court concludes that neither dismissal nor summary judgment are warranted or appropriate on these two claims at this stage of the litigation.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss or grant summary judgment (Docket No. 12) is denied.

Dated: June 18, 2001

David S. Doty, Judge
United States District Court